than $3,000 without concomitantly committing the crime of grand larceny in the fourth degree under Penal Law § 155.30 (8) (*see,* CPL 300.30 [4]; 300.40; *see also, People v Alford,* 251 AD2d 1032, *lv denied* 92 NY2d 892; *People v Bacchus,* 175 AD2d 248, *lv denied* 79 NY2d 824).

The sentence is neither unduly harsh nor severe. We have examined defendant's remaining contentions and conclude that they lack merit. (Appeal from Judgment of Steuben County Court, Purple, Jr., J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Callahan, JJ.

■ In the Matter of DAVID B., a Person Alleged to be a Juvenile Delinquent, Appellant. CHAUTAUQUA COUNTY ATTORNEY, Respondent. (Appeal No. 1.) [688 NYS2d 863] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order finding that he committed an act that, if committed by an adult, would constitute the crime of unauthorized use of a motor vehicle in the third degree and adjudicating him a juvenile delinquent. He contends that the presentment agency failed to corroborate his admission that he took a vehicle without permission and drove it from Harbor Creek, Pennsylvania, to Jamestown, New York (*see,* Family Ct Act § 344.2 [3]). We disagree. The corroboration requirement is satisfied by the submission of additional evidence establishing that the crime occurred; it is not necessary that such evidence directly link the youth to the criminal act (*see, Matter of Carmelo E.,* 57 NY2d 431, 433, *rearg denied* 58 NY2d 824). At the fact-finding hearing, the owner of the vehicle testified that the vehicle was removed from his driveway without permission, that the vehicle was found in Jamestown and that he had it towed from Jamestown to his home. The evidence further established that a set of car keys with a distinctive fob was found on respondent's person, turned over to the Pennsylvania State Police and delivered to the vehicle owner. That additional evidence established that the crime was committed.

There is no merit to the contention that the determination adjudicating respondent a juvenile delinquent is contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Order of Chautauqua County Family Court, Hartley, J.—Juvenile Delinquency.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Callahan, JJ.

■ In the Matter of DAVID B., a Person Alleged to be a Juvenile Delinquent, Appellant. CHAUTAUQUA COUNTY ATTORNEY, Respondent. (Appeal No. 2.) [689 NYS2d 884] —Appeal unanimously dismissed without costs (*see, Matter of Kyung C.,* 169

AD2d 721). (Appeal from Order of Chautauqua County Family Court, Hartley, J.—Juvenile Delinquency.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Callahan, JJ.

■ Lynn M. Perry, Individually and as Mother and Natural Guardian of Kyle S. Aloi, an Infant, Respondent, v Catherine C. Mikolajczyk, Appellant. [688 NYS2d 367] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Plaintiff's son, Kyle, then seven years old, was bitten by defendant's dog, a 13-year-old male of mixed husky-shepherd breed. The dog was usually kept chained but Kyle saw him running loose in the neighborhood, grabbed his chain and returned him to defendant's yard, where the dog was rechained. The dog then suddenly attacked Kyle, allegedly without provocation, causing injuries to Kyle that required his hospitalization. Defendant met her initial burden by tendering proof in admissible form establishing that she had no knowledge that the dog had vicious propensities. Although plaintiff raised an issue of fact whether the dog had vicious propensities by submitting Kyle's deposition testimony, she failed to raise the additional requisite issue of fact whether defendant knew or should have known of them (see, Wilson v Whiteman, 237 AD2d 814; DiGrazia v Castronova, 48 AD2d 249, 252, citing PJI 2:220). (Appeal from Order of Supreme Court, Cattaraugus County, Nenno, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Callahan, JJ.

■ Luz C. Colon et al., Appellants, v Patrick R. Thiesen et al., Respondents. [689 NYS2d 885] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff Luz C. Colon did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiffs presented sufficient proof in admissible form to raise a triable issue of fact (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Callahan, JJ.

■ Donald J. Salamone et al., Individually and as Parents and Natural Guardians of Nicole M. Salamone et al., Infants, Appellants, v Oak Park Marina, Inc., et al., Respondents, et al., Defendant. [688 NYS2d 362] —Order modified on the law and